# Exhibit 1

Case 5:22-cv-02157-AB-kk   Document 1-1   Filed 12/02/22   Page 2 of 16   Page ID #:18

From: Starpoint Law Corporal Fax:14242554035      To: 9097088586@rcfax.com      Fax: (909) 708-8586      Page: 6 of 23      06/06/2022 4:06 PM

1  Aidin D. Ghavimi, Esq. (State Bar No. 305808)
2  John Vafa, Esq. (State Bar No. 306059)
   Ilana N. Fine, Esq. (State Bar No. 331075)
3  **STARPOINT, LC**
   15233 Ventura Boulevard, Suite PH16
4  Sherman Oaks, CA 91403
   T: (310) 424-9971
5  F: (424) 255-4035
   info@starpointlaw.com
6
7  Attorneys for Plaintiff,
   RENA OLEGARIO

```
                        F I L E D
              SUPERIOR COURT OF CALIFORNIA
                 COUNTY OF SAN BERNARDINO
                  SAN BERNARDINO DISTRICT

                     JUN 07 2022

              BY _____
                                    DEPUTY
                 Stephanie Paniagua
```

8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF SAN BERNARDINO**

11  RENA OLEGARIO, an individual,

12              Plaintiff,

13          and

14  FEDEX GROUND PACKAGE SYSTEM,
    INC., a Delaware Corporation; MIGUEL
15  HERRERA, an individual; JUAN RAMIREZ,
    an individual; THENETTA DORROUGH, an
16  individual; and DOES 1 through 100, inclusive

17              Defendant,

CASE NO.  **CIV SB 2 2 1 0 8 7 0**
[Unlimited Civil Jurisdiction]

**COMPLAINT FOR:**

1. Discrimination (Gov't C. §§12900 *et seq.*);

2. Retaliation (Gov't C. §§ 12900 *et seq.*);

3. Failure to Take Reasonable Steps to Prevent Discrimination (Gov't C. §12900, *et seq.*);

4. Failure to Accommodate (Gov't C. §§ 12900, *et seq.*);

5. Failure to Engage in the Interactive Process (Gov't C. §§ 12940 *et seq.*);

6. Failure to Provide Accurate Wage Statements (Cal. Lab. C. §§ 226, *et seq.*);

7. Wrongful Termination; and

8. Unfair Competition (Cal. Bus. & Prof. C. §17200, *et seq.*)

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff RENA OLEGARIO for causes of action against Defendants FEDEX

GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; MIGUEL HERRERA, an

individual; JUAN RAMIREZ, an individual; THENETTA DORROUGH, an individual; and DOES

1 through 100and complains and alleges upon information and belief as follows:

1

**COMPLAINT**

**PARTIES**

1.      Plaintiff RENA OLEGARIO ("Plaintiff") at all times relevant to this action, resided in San Bernardino County, State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FEDEX"), is a Delaware Corporation with its principal place of business in the State of Pennsylvania. At all times relevant hereto, Defendant FEDEX employed five or more persons.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant MIGUEL HERRERA ("Herrera") and/or DOES 26-50 is resident of San Bernardino County and is an owner, director, officer, or managing agent of Defendant FEDEX and/or DOES 1-25 and is liable to the Plaintiff under Cal. Lab. C. Sec. 558.1 for the wage and hour causes of action asserted herein.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant THENETTA DORROUGH ("Dorrough") and/or DOES 26-50 is resident of San Bernardino County and is an owner, director, officer, or managing agent of Defendant FEDEX and/or DOES 1-25 and is liable to the Plaintiff under Cal. Lab. C. Sec. 558.1 for the wage and hour causes of action asserted herein.

5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant JUAN RAMIREZ ("Ramirez") and/or DOES 26-50 is resident of San Bernardino County and is an owner, director, officer, or managing agent of Defendant FEDEX and/or DOES 1-25 and is liable to the Plaintiff under Cal. Lab. C. Sec. 558.1 for the wage and hour causes of action asserted herein

6.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 100, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 100, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility, therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants

2

**COMPLAINT**

1    Does 1 through 100, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such
2    facts.

3         7.      Plaintiff is informed, believes, and there upon alleges that each Defendants is, and at
4    all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts
5    alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the
6    knowledge, permission, and consent of his, her, or its co-Defendants.

7         8.      FEDEX Herrera, Dorrough, Ramirez and DOES 1 through 100 shall collectively be
8    referred to in this Complaint as "Defendants" when applicable.

9                                   **JURISDICTION & VENUE**

10        9.      This Court has jurisdiction over this action and the matters alleged herein pursuant to
11   the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution.
12   The statutes under which this action is brought do not specify any other basis for jurisdiction.

13        10.     This Court has jurisdiction over Defendants because, upon information and belief,
14   each Defendant is either a citizen of California, has sufficient minimum contracts in California, or
15   otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction
16   over it by this Court consistent with traditional notions of fair play and substantial justice.

17        11.     Venue is proper in this Court, because, upon information and belief, one or more of
18   the named Defendants resides in, transacts business in, or has offices in this county, and the acts or
19   omissions giving rise to this action took place in this county.

20                                  **GENERAL ALLEGATIONS**

21        12.     Plaintiff is informed and believes, and based thereon alleges, that Defendant FEDEX
22   is engaged in the business of package pick-up and delivery. Plaintiff is informed and believes, and
23   based thereon alleges, that Defendant FEDEX's principal place of business is in the State of
24   Pennsylvania. Plaintiff is informed and believes, and based thereon alleges, that FEDEX has
25   purposefully availed itself in California such that sufficient minimum contacts exist to confer
26   jurisdiction over FEDEX upon this Court. Plaintiff is informed and believes that FEDEX is
27   registered with the California Secretary of State to do business in the State of California. Further,
28   Plaintiff is informed and believes that FEDEX maintains and operates hundreds of physical store

**COMPLAINT**

locations in the State of California, and many store locations in the County of San Bernardino. Accordingly, Defendant has purposefully directed its business activities to the State of California, and jurisdiction over FEDEX therefore exists.

13. Beginning in or around June 2020 and continuing until her termination in or around December 2020, Plaintiff worked for Defendant as material handler. Her duties included but were not limited to loading trucks for delivery, unloading packages, entering shipping and delivery information into FEDEX's internal system, and more.

14. When Plaintiff began her employment with Defendant FEDEX in or around June 2020, Plaintiff informed her employer that she was actively suffering from a disability and/or medical condition. Specifically, Plaintiff informed her employer that she was treating with a psychiatrist and taking medication to treat a psychological disorder. Plaintiff's medical condition limited her ability to engage in major life activities, including sleeping, engaging with others, and working, amongst others. Nevertheless, at all times relevant hereto, Plaintiff was able to perform the essential functions of her job assignment with or without a reasonable accommodation.

15. In or around September 2020, Plaintiff was placed off work by her physician for approximately 4 days. Upon returning to work after her leave ended, Plaintiff was unable to log into the FEDEX system using her employee badge. Plaintiff learned that her badge had been disabled and that she had been "accidentally terminated" during her medical leave. Plaintiff was eventually reinstated and returned to work.

16. In or around October 2020, Plaintiff reported to FEDEX's Human Resources representative Netta (last name unknown) and Area Manager Brandon (last name unknown) that she needed to take medical leave to treat her medical condition. Netta and Brandon advised that she apply for "FMLA." Plaintiff filed for FMLA. Without engaging in an interactive process FEDEX outright denied Plaintiff's request.

17. On or around October 12, 2020, Plaintiff was placed on medical leave by her physician. Plaintiff promptly provided to FEDEX a note from her physician placing her off work between October 12, 2020, and until approximately April 2021.

**COMPLAINT**

18. In further harassment and discrimination based on disability/medical condition, and in retaliation for requesting a reasonable accommodation, FEDEX terminated Plaintiff on or around December 15, 2020, while Plaintiff was on medical leave. FEDEX sent Plaintiff a letter stating that she had "voluntarily resigned" from her position.

19. On or about June 17, 2021, Plaintiff requested her wage statement, payroll records and time sheets from Defendants pursuant to Labor Code 226. Defendant never produced these records to Plaintiff.

20. Plaintiff's health and career has been materially and adversely affected and irreparably harmed and damaged by the conduct of Defendants. Defendants, and each of them, discriminated and harassed Plaintiff because of her disability and/or medical condition and retaliated against Plaintiff for engaging in protected activity by reporting and/or opposing such discrimination and harassment and for requesting a reasonable accommodation as set forth herein. Plaintiff was discriminated, harassed, and retaliated against for exercising his rights as alleged herein.

21. As a direct and proximate consequence of exercising such rights—which constitutes protected activity under state and federal law—Defendants, and each of them, retaliated against, discriminated against, and harassed Plaintiff and subjected Plaintiff to adverse employment actions. Those adverse employment actions include but are not limited to terminating Plaintiff.

22. Plaintiff has suffered both general and special damages in the past and present and will continue to suffer such damages in the future for an unknown period of time. Plaintiff has also suffered and continues to suffer losses in earnings and other employment benefits, as well as past and future non-economic injury. Moreover, Defendants' unlawful conduct has adversely affected Plaintiff's personal health and well-being. Plaintiff has also suffered extensive general damages in the form of anxiety, anguish, and mental suffering. Plaintiff's damages are continuing and in an amount not yet determined, but in excess of the jurisdictional minimum of this Court.

23. The conduct of Defendants, and each of them, was a violation of Plaintiff's rights, as described above, as well as his rights under both state and federal law, including the Fair

1  Employment and Housing Act (Cal. Gov't C. §§ 12940, *et seq.*). Therefore, Defendants, and each

2  of them, are liable under the FEHA as well as for retaliation in violation of public policy.

3  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4      24.    On or about November 4, 2021, the Department of Fair Employment and Housing

5  issued a Notice of Case Closure and Right-to-Sue letter to Plaintiff, authorizing the filing of a

6  private lawsuit in order to enforce rights under the Fair Employment and Housing Act ("FEHA").

7  Plaintiff has timely exhausted all administrative remedies required by FEHA as a prerequisite to

8  filing this action.

9  **FIRST CAUSE OF ACTION**

10  **Discrimination in Violation of Gov't Code §§ 12900, *et seq.***

11  **(Against Defendants FEDEX and DOES 1 - 25)**

12      25.    Plaintiff refers to and incorporates by reference each and every paragraph above as

13  though fully set forth herein.

14      26.    Defendant FEDEX is subject to suit under the Fair Employment and Housing Act,

15  Government Code section 12940, *et seq.* ("FEHA"), in that it regularly employs five or more

16  persons. (Gov. Code § 12926, *et seq.*)

17      27.    California Government Code section 12940(a) prohibits discrimination on the basis

18  of an employee's disability or medical condition. This prohibition encompasses a proscription

19  against an employer discharging an employee because of his or her disability or medical condition.

20  (Gov. Code § 12940(a)).

21      28.  ,  At all times relevant hereto, Plaintiff was employed by Defendant FEDEX as

22  material handler. Defendant was at all times aware of Plaintiff's disability and/or medical condition,

23  because Plaintiff informed it of the same. Nevertheless, Defendant discriminated against Plaintiff

24  on the basis of her disability and/or medical condition.

25      29.    Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's

26  disability and/or medical condition was a substantial motivating factor in Plaintiff's termination.

27      30.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered and

28  continues to suffer substantial losses in earnings and other employment benefits, has incurred

6

**COMPLAINT**

1    attorneys' fees and costs and medical bills, all to Plaintiff's damage and in excess of the minimum

2    jurisdiction of this court, the precise amount of which will be proven at the time of trial. Plaintiff

3    claims such amount as damages together with prejudgment interest pursuant to Civil Code Section

4    3287 and/or any other provision of law providing for pre-judgment interest.

5          31.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered and

6    continues to suffer severe anxiety, humiliation, mental anguish, embarrassment, worry,

7    sleeplessness, mental and emotional distress, loss of reputation, and other incidental damages and

8    out-of-pocket expenses, all to Plaintiff's general damage and in excess of the minimum jurisdiction

9    of this court, the precise amount of which will be proven at the time of trial.

10          32.    Defendant, in engaging in the unlawful conduct alleged above, acted with a

11    conscious disregard of Plaintiff's rights, and with the intent to vex, injure, and annoy Plaintiff, such

12    as to constitute oppression, fraud, or malice under California Civil Code § 3294, thereby entitling

13    Plaintiff to exemplary or punitive damages.

14    **SECOND CAUSE OF ACTION**

15    **Retaliation in Violation of Gov't Code §§ 12900, *et seq.***

16    **(Against Defendants FEDEX and DOES 1 - 25)**

17          33.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

18    though fully set forth herein.

19          34.    At all times mentioned herein, Government Code §§ 12940, *et seq.*, was in full force

20    and effect and was binding upon Defendant. Said sections required Defendant to refrain from

21    retaliating against an employee for his or her opposition to employment practices prohibited under

22    the FEHA and for otherwise engaging in protected activity.

23          35.    At all times herein mentioned, Plaintiff was in the protected class of persons based

24    on her disability and/or medical condition, and was an individual who engaged in protected

25    activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes

26    and based thereon alleges that Defendant retaliated against her based on her disability and/or

27    medical condition, for requesting a reasonable accommodation, and for generally attempting to

28    protect and secure her rights and the rights of others under the FEHA.

7

**COMPLAINT**

36.     Commencing before and during September 2020, and continuing to the present, Defendant retaliated against Plaintiff for engaging in protected activity as alleged herein. Such retaliation was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein.

37.     At all times relevant hereto, Defendant had actual and/or constructive knowledge of the retaliatory conduct levied against Plaintiff by Defendant, fellow employees, and superiors. Moreover, such retaliation and discriminatory conduct was also conducted and/or condoned by Defendant.

38.     As a direct, foreseeable, and proximate result of Defendant's retaliatory conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ, and will in the future employ, physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time.

39.     As a direct, foreseeable, and proximate result of Defendant's retaliatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to Plaintiff's damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

40.     As a further legal result of the above-described conduct of Defendant, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

### THIRD CAUSE OF ACTION

**Failure to Prevent Discrimination in Violation of Gov't Code §§ 12900, *et seq.***

**(Against Defendants FEDEX and DOES 1 - 25)**

41.     Plaintiff refers to and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

42.     At all times mentioned herein, Government Code section 12900, *et seq.*, was in full force and effect and was fully binding upon Defendant. Specifically, section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to

prevent discrimination, retaliation, and/or harassment based on an employee's disability and/or medical condition.

43.     Plaintiff was subject to discrimination, retaliation, and/or harassment in the workplace, and Defendant, having knowledge of same, failed to take all reasonable steps to prevent discrimination, harassment, and/or retaliation by subjecting Plaintiff to adverse employment actions, including but not limited to terminating Plaintiff.

44.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

45.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage and in an amount to be proven at the time of trial.

46.     Defendant, in engaging in the unlawful conduct alleged above, acted with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under California Civil Code § 3294, thereby entitling Plaintiff to exemplary or punitive damages, or in the alternative under California Civil Code § 3333 for breach of an obligation not arising out contract to "compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

## FOURTH BASIS FOR RELIEF

### Failure to Accommodate in Violation of Gov't Code §§ 12900 *et seq.*

### (Against Defendants FEDEX and DOES 1 - 25)

47.     Plaintiff refers to and incorporates herein by reference the previous paragraphs as though fully set forth herein.

48.     At all times herein mentioned, Government Code § 12940(m) was in full force and effect and was binding upon Defendants, and each of them. Defendants were aware of Plaintiff's disability and/or medical condition and failed to reasonably accommodate Plaintiff.

9

**COMPLAINT**

49.     At all times herein mentioned, Plaintiff was in the protected class of persons, *i.e.*, one who had a disability or medical condition or a perceived disability or medical condition, and one who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, discriminated against her based on his disability, and for generally attempting to protect and secure her rights and the rights of others under the FEHA. Defendants, and each of them, knew of Plaintiff's disabling medical condition, and failed to provide Plaintiff with a reasonable accommodation for her medical condition.

50.     Defendant knew of Plaintiff's actual or perceived medical condition and failed to provide Plaintiff with a reasonable accommodation. *Hernandez v. Rancho Santiago Comm. College Dist.* (2018) 22 Cal.App.5th 1187, 1194 (finding "the accommodation can hardly be considered reasonable when it included the consequence that she would lose her job if she took the time off …"].

51.     As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

52.     As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses.  The exact amount of such expenses is unknown to Plaintiff at this time.

53.     As a direct, foreseeable and proximate result of the Defendants' conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

## FIFTH BASIS FOR RELIEF

**Failure to Engage in the Interactive Process in Violation of Gov't Code §§ 12940 *et seq.***

10

**COMPLAINT**

1

**(Against Defendants FEDEX and DOES 1 - 25)**

2      54.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

3  though fully set forth herein.

4      55.    At all times herein mentioned, Government Code § 12940(n) was in full force and

5  effect and was binding upon Defendants, and each of them. Defendants were aware of Plaintiff's

6  disability and/or medical condition and yet failed to engage in a timely, good faith interactive

7  process with Plaintiff to reasonably accommodate Plaintiff.

8      56.    At all times herein mentioned, Plaintiff was in the protected class of persons, *i.e.*,

9  one who had a disability or medical condition or a perceived disability or medical condition, and

10  one who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.*

11  Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them,

12  discriminated against her based on his disability, and for generally attempting to protect and secure

13  her rights and the rights of others under the FEHA. Defendants and each of them, knew of

14  Plaintiff's medical condition, failed to engage in a timely, good faith interactive process with

15  Plaintiff to reasonably accommodate Plaintiff, and failed to provide Plaintiff with a reasonable

16  accommodation for her medical condition.

17      57.    As a further legal result of the above-described conduct of Defendants, and each of

18  them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to

19  proof.

20      58.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct

21  and failure to act, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety,

22  mental anguish, and emotional distress.  Plaintiff was required to and did employ and will in the

23  future employ physicians and health care providers to examine, treat and care for Plaintiff, and did,

24  and will in the future, incur medical and incidental expenses. The exact amount of such expenses is

25  unknown to Plaintiff at this time.

26      59.    As a direct, foreseeable, and proximate result of the Defendants' conduct, Plaintiff

27  suffered and continues to suffer losses in earnings and other employment benefits all to his damage

28

**COMPLAINT**

1  in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of

2  which will be proven at trial.

3  ### SIXTH CAUSE OF ACTION

4  **Failure to Provide Accurate Wage Statements in Violation of Cal. Lab. C. §§ 226,** *et seq.*

5  **(Against Defendants FEDEX, MAIER, and DOES 26 - 50)**

6        60.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

7  though fully set forth herein.

8        61.    During Plaintiff's employment with Defendants, Defendants intentionally and

9  knowingly failed to provide Plaintiff with timely and accurate wage and hour statements showing

10  gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable

11  hourly rates in effect during each pay period and the corresponding number of hours worked at each

12  hourly rate.

13        62.    Defendants systematically failed to provide such wage statements with accurate

14  information and engaged in a policy of under-reporting and failing to pay for all hours actually

15  worked, all in violation of California *Labor Code* § 226 and related statutes.

16        63.    As a result of Defendants' violation of California *Labor Code* § 226 and related

17  statutes, Plaintiff has suffered injuries and damages, including, but not limited to: Plaintiff was not

18  provided meal and rest breaks; Plaintiff was not paid wages due; and the absence of actual hours

19  worked makes it difficult for Plaintiff to collect any overtime wages due.

20        64.    As a result of Defendants' intentional failure to provide Plaintiff with accurate and

21  itemized wage statements, Plaintiff is entitled to all available statutory penalties, costs, and

22  attorneys' fees, including those provided in California *Labor Code* § 226(e), as well as all other

23  available remedies.

24  ### SEVENTH CAUSE OF ACTION

25  **Wrongful Termination in Violation of Public Policy**

26  **(Against Defendants FEDEX and DOES 1 - 25)**

27        65.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

28  though fully set forth herein.

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

66.     At all times mentioned herein, Government Code § 12940 and other code sections cited herein were in full force and effect and were binding on Defendants. The code sections evince policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental.

67.     Plaintiff alleges that she was discharged from her employment with Defendant FEDEX for reasons that violate public policy. Specifically, it is a violation of public policy to discharge an individual from employment because of his or her membership in a protected class and/or as a result of his or her exercise of protected activity as alleged herein.

68.     At all times relevant hereto, Plaintiff was employed by Defendant FEDEX. Defendant discharged Plaintiff because of Plaintiff's disability and/or medical condition and/or as a result of Plaintiff's exercise of protected activity as alleged herein. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's disability and/or medical condition and/or Plaintiff's exercise of protected activity was a substantial motivating reason for Plaintiff's discharge.

69.     As a direct, foreseeable, and proximate result of Defendant's retaliatory conduct and wrongful termination in violation of public policy, Plaintiff has suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ, and will in the future employ, physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time.

70.     As a direct, foreseeable, and proximate result of the Defendant's retaliatory conduct and wrongful termination, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits all to Plaintiff's damage and in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

71.     As a further legal result of the above-described unlawful conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

13

**COMPLAINT**

## EIGHTH CAUSE OF ACTION

### Unfair Competition in Violation of Cal. Bus. & Prof. C. §§ 17200, *et seq.*

### (Against Defendants FEDEX and DOES 1 - 25)

72.     Plaintiff refers to and incorporates herein by reference the previous paragraphs as though fully set forth herein.

73.     California Business and Professions Code §17200 provides, in relevant part: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

74.     Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the FEHA and the California *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of California Business and Professions Code §17200, *et seq.*, thus depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees in California. Defendants' conduct as alleged herein constitutes unfair competition in violation of §17200 *et seq.* of the California Business and Professions Code.

75.     The acts of Defendants as alleged herein were unfair, unlawful, and fraudulent as defined in California Business and Professions Code §17200. Such acts constitute an unfair business practice and unfair competition, thus violating California Business and Professions Code § 17200*, et seq.* As a result, Defendants obtained valuable property, money, and/or services from Plaintiff, including earned wages for all hours worked, and have deprived Plaintiff of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and to the benefit of Defendants so as to allow Defendants to unfairly compete against competitors who comply with the law.

76.     As a result of the foregoing conduct, Plaintiff is entitled to recover restitution damages. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5.

14

**COMPLAINT**

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally, as follows:

1.    For such general, special and liquidated damages in amounts to be proven at the time of trial;

2.    For restitution damages in the form of unpaid wages and commissions and improperly calculated wages;

3.    For punitive and exemplary damages in amounts to be proven at the time of trial;

4.    For an award to Plaintiff of costs of suit incurred and reasonable attorneys' fees;

5.    For pre- and post-judgment interest at the prevailing statutory rates; and

6.    For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: June 6, 2022          STARPOINT, LC

By: _____
AIDIN GHAVIMI, ESQ.
JOHN VAFA, ESQ.
ILANA N. FINE, ESQ.
Attorneys for Plaintiff,
RENA OLEGARIO

15

**COMPLAINT**